IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YUNG-KAI LU,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH et al.,<br><br>    Defendants. | **ORDER DENYING MOTION FOR OFFICIAL SERVICE OF PROCESS (ECF NO. 28) & MOTION TO EXPEDITE SUMMONS DELIVERY BY THE U.S. MARSHALS SERVICE (ECF NO. 29); REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT (ECF NO. 26)**<br><br>Case No. 2:16-cv-00051<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

  Pro se Plaintiff Yung-Kai Lu, proceeding <u>in forma pauperis</u>, initiated this case on January 20, 2016 (ECF Nos. 1 & 4), and filed the operative Amended Complaint on August 15, 2017 (ECF No 26). Mr. Lu alleges that Defendants (1) University of Utah and current or former University of Utah employees (2) Lori McDonald, (3) Ryan Randall, (4) Chalimar Swain, (5) Donn Schaefer, (6) Miguel Chuaqui, (7) Mike Cottle, (8) Robert Baldwin, (9) Michael Goodrich, (10) Charles Piele, and (11) Charles Wight ("University of Utah Defendants")[1] failed to renew his graduate assistantship and scholarship in violation of Title VII of Civil Rights Act of 1964 ("Title VII") and Title I of the Americans with Disabilities Act ("ADA"). Mr. Lu also appears to assert tort claims for invasion of privacy. The Amended Complaint has not been served on the University of

---

[1] In the Amended Complaint, Mr. Lu also refers to Mr. Randall as Ryan Randll, Mike Cottle as David Cottle, and Mr. Baldwin as Charles Bladwin.

1

Utah Defendants, but Mr. Lu has moved the Court for an order directing the United States Marshals Service to serve process.  (Mot. for Official Service of Process, ECF No. 28; Mot. to Expedite Summons Delivery by the U.S. Marshals Service, ECF No. 29.)  Mr. Lu filed a prior suit in the District of Utah against all of the University of Utah Defendants, except for Mr. Randall, asserting tort and contract claims also arising out of the University of Utah's decision not to renew his graduate assistantship and scholarship.  The district judge dismissed Mr. Lu's prior case with prejudice, and the Tenth Circuit affirmed.  See Lu v. Univ. of Utah, No. 2:13-CV-00984-TC-BCW, 2015 WL 5838797 (D. Utah Oct. 7, 2015); Lu v. Univ. of Utah, 660 F. App'x 573 (10th Cir. 2016) (unpublished).

For the reasons addressed below, the undersigned[2] RECOMMENDS the District Judge DISMISS Mr. Lu's claims against the University of Utah Defendants for failure to state a claim upon which this Court can grant relief because claim preclusion bars the present case.  Alternatively, the undersigned RECOMMENDS the District Judge DISMISS Mr. Lu's Amended Complaint because his Title VII and ADA claims are time-barred, and the Eleventh Amendment and Utah Governmental Immunity Act (UGIA) bar his tort claims.  The undersigned further DENIES Mr. Lu's Motion for Official Service of Process (ECF No. 28) and Motion to Expedite Summons Delivery by the U.S. Marshals Service (ECF No. 29) because his Complaint fails to sate an actionable claim.

**RELEVANT BACKGROUND**

Mr. Lu initiated the present lawsuit on January 20, 2016 ("Lu II").  (ECF Nos. 1 & 4.)  The Court permitted Mr. Lu proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP

---

[2] On August 18, 2017, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 7.)

statute"), (ECF No. 3), and appointed him pro bono counsel for the limited purpose of assisting him in determining whether he has a cognizable claim and the best way to proceed. (Order for Partial Appt. of Counsel, ECF No. 13.) The Court also granted Mr. Lu leave to file an Amended Complaint, (Order Granting Mot. for Leave to File Am. Compl., ECF No. 16), which he filed on August 15, 2017. (Am. Compl., ECF No. 26). Mr. Lu's First Amended Complaint ("Amended Complaint") is the operative complaint in this case. On August 25, 2017, Mr. Lu moved the Court for an order directing the United States Marshals Service to serve process pursuant to 28 U.S.C. § 1915, (Mot. for Official Service of Process, ECF No. 28), and on February 26, 2018, filed a motion to expedite service of process. (Mot. to Expedite Summons Delivery by the U.S. Marshals Service, ECF No. 29.) The Court has not ruled on the Motions, and the University of Utah Defendants have not yet been served.

Mr. Lu's Complaint in this case asserts claims arising out of the University of Utah's failure to renew his graduate assistantship and scholarship. (See generally Am. Compl., ECF No. 26.) Mr. Lu indicates that the statement on the nature of his current case is "based on the factual background" in the decision dismissing his case in the prior suit he filed in the District of Utah. (Am. Compl., ¶ 26, ECF No. 26.) Mr. Lu alleges that he was pursuing a master's degree at the University of Indiana in mid-2010, when Defendant Donn Schaefer, Associate Director of University of Utah's School of Music, called him several times promising him a graduate assistantship and a scholarship to support him for three years while he studied for a doctoral degree. (Id., ¶¶ 26, 27.) The University of Utah sent Mr. Lu a "Graduate Assistantship Contract," which stated that the assistantship was a nine-month appointment for the 2010–2011 academic year,

explained that the appointments were for one academic year at a time, and that the University policy is to limit appointments to three years for doctoral students. (Id., ¶¶ 29, 30.) The contract also required Mr. Lu to commit to working on average twenty hours per week and complete at least nine credit hours per semester with a grade of B or higher for each class. (Id., ¶ 30.) Mr. Lu signed the contract on May 18, 2010, obtained an educational visa, and moved to Salt Lake City in August 2010. (Id., ¶ 32.) In an April 2011 meeting, Mr. Schaefer told Mr. Lu that the University of Utah had no money to continue to fund Mr. Lu's graduate assistantship and scholarship. (Id., ¶ 33.) Mr. Lu alleges, however, that Mr. Schaefer had told him as late as August 2010 that all he "had to do to continue his scholarship was to maintain a GPA of at least 3.00." (Id.)

After the April 2011 meeting, Mr. Lu met with a number of other University of Utah employees—including Defendants Robert Baldwin, the Interim Director of Graduate Studies for the School of Music, Charles A. Wight, Dean of the Graduate School, Chalimar L. Swain, Director of the International Center, Ryan Randall, Assistant Dean of Studies for Behavior Intervention and Advocacy, and Lori McDonald, Assistant Director of the Dean of Students—regarding various issues relating to the decision not to renew his graduate assistantship and scholarship. (Am. Compl., ¶¶ 36–41, ECF No. 26.) Among other things, Mr. Lu alleges that Mr. Baldwin told him the University could not offer him another graduate assistantship or scholarship in part because Defendant Miguel Chauqui, Head of the Composition Department for the School of Music, reported that Mr. Lu "had been rude to him." (Id., ¶ 37.)

Mr. Lu alleges further alleges that in late-August to mid-September 2011, Ms. McDonald gave the U.S. Immigration Court and the U.S. Immigration and Customs

4

Enforcement Agency incorrect information about his "criminal history report" and provided false records stating that he "had been dismissed from the University of North Texas, had been arrested by University of Utah police officers, was subject to restraining orders in Utah and Indiana, and was a threat to public safety." (Am. Compl., ¶ 42, ECF No. 26.) He claims that the statements were false, "eventually led to his arrest, deportation to Taiwan, and the abandonment of his personal possessions," and that as a result, "he has suffered emotional distress and can no longer pursue his doctoral studies or obtain a visa to return to the United States." (Id., ¶ 43.) Mr. Lu claims that in June 2012, he called Ms. McDonald asking her to correct the allegedly erroneous information, and she refused. (Id., ¶ 47.) He claims that she then "took adverse actions against [him] by reporting more false information to the University of Utah Police Department and Immigration Custom Enforcement again such as that [he] had assaulted her." (Id., ¶ 48.)

In October 2012, Mr. Lu filed a notice of claim through the University of Utah's Internal Audit Department. (Am. Compl., ¶ 50, ECF No. 26.) Mr. Lu alleges that the auditors, Defendants Charles Piele and Michael G. Goodrich, investigated his complaint and produced a report, from which Mr. Lu learned that Defendant David Cottle, an Associate Professor, had given him and "unfavorable teaching report even though [he] had never before received such feedback." (Id., ¶¶ 50, 51.) Mr. Lu alleges that this teaching report "presumably" led to the auditors' conclusion that he had not sufficiently performed his duties. (Id., ¶ 52.) Mr. Lu asserts that he challenged the report, but the auditors insisted he could not do so and that the investigation was closed. (Id., ¶ 53.)

5

Mr. Lu states that he then filed his "original complaint with this court on October 31, 2013." (Id., ¶ 54.)

Mr. Lu alleges that from December 2014 to July 2015, he corresponded with the Utah State Attorney "and discovered evidence of discrimination in employment and education." (Am. Compl., ¶ 55, ECF No. 26.) He claims that after "matching" the evidence from the Utah State Attorney "and the previous documents from the University of Utah," he filed charges of discrimination under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission ("EEOC") in August 2015. (Id., ¶¶ 3, 56.) Mr. Lu's Charge of Discrimination with the EEOC, which he attached to his original Complaint, states:

> I am an international student in or around August 2010, I was selected for a Graduate Assistantship with the Respondent. In or around April 2011, I was denied renewal of the internship contract and terminated.
>
> I immediately complained about the unfair denial of the scholarship, unfair treatment and wrongful termination through the University's complaint system. I was wrongfully profiled due to my national origin and I was subjected to harassment from the onset of my complaint, including but not limited to, a mental stability screening was performed on me and denied a transfer to other universities. Dean of Student Services, Lori McDonald led the faculty members to provide false accusations to the Immigration Custom Enforcement which led to my deportation in our around September 2011, and prevented me to return to the United States. In or around December 2012, the University of Utah Auditors ignored my request for further investigation and their negative reports prevented new teaching assistantships.
>
> I believe I was discriminated against due to my national origin, Taiwanese, in violation of Title VII of the Civil Rights Act of 1664 [sic], as amended and retaliated against for complaining to my supervisor and administrators.

(Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5.) On October 30, 2015, Mr. Lu claims he received a Notice of Right to Sue letter from the EEOC. (Am. Compl., ¶ 57, ECF No. 26.) The EEOC's Dismissal and Notice of Right to Sue, which is

attached to Mr. Lu's original Complaint, indicates that his charge was dismissed because it "was not timely filed with EEOC; [i]n other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 3.) Mr. Lu filed a notice of claim with the Utah State Attorney General's Office in December 2015, (Am. Compl., ¶ 58, ECF No. 26), and then commenced this suit in January 2016. (ECF Nos. 1 & 4.)

The Amended Complaint states that Mr. Lu brings his "lawsuit under title VII of the Civil Right Act of 1964," and that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination." (Am. Compl., ¶¶ 5, 6, ECF No. 26.) But Mr. Lu fails to clearly plead his causes of action or indicate against which Defendant(s) each cause of action is pled. However, viewing the Amended Complaint in the light most favorable to Mr. Lu, he appears to assert (1) Title VII retaliation (Section 704, 42 U.S.C. 2000e-3) claims against Defendants Wight, McDonald, Goodrich, Piele, Schaefer, Chuaqui, Baldwin, Swain, and Cottle, (Am. Compl., ¶¶ 65–131, ECF No. 26); (2) Title VII national origin discrimination (Section 703, 42 U.S.C. 2000e-2) claims against Defendants Cottle, McDonald, Swain, Randall, Schaefer, Goodrich, Piele, (id., ¶¶ 142–74), (3) Title VII racial discrimination (Section 703, 42 U.S.C. 2000e-2) claims against all of the University of Utah Defendants (id., ¶¶ 175–212), (4) Title I ADA employment discrimination claims against Defendants University of Utah, McDonald, and Randall, (id., ¶ 213–24), and (5) invasion of privacy tort claims against Defendant McDonald (id., ¶¶ 132–41, 225–27).

Mr. Lu claims that as a result of these violations, he lost his U.S. visa in 2011, he is barred from returning to the United States for five years, he suffered emotional distress and professional losses since 2011, and that he suffers ongoing discrimination because the University of Utah Defendants "still refuse to admit the mistakes and correct all the mistakes on his academic and immigration records." (Am. Compl., ¶¶ 228–29, ECF No. 126.) Mr. Lu seeks injunctive relief, monetary damages for professional losses and the loss of his assistantship and scholarship, a public apology, and the dismissal of the University of Utah employees. (Id., ¶¶ 233–42.)

Mr. Lu filed his initial case in the District of Utah against all of the University of Utah Defendants, except Mr. Randall, on October 28, 2013. (Lu v. Univ. of Utah, No. 2:13-CV-00984-TC-BCW, 2015 WL 5838797 (D. Utah Oct. 7, 2015) ("Lu I").) As with the present suit, Mr. Lu asserted claims arising out of the University of Utah's decision not to renew his graduate assistantship and scholarship. (Lu I, Second Am. Compl., ECF No. 12.) However, in that case, he asserted claims for breach of contract, as well as tort claims, including slander. (Id., ¶¶ 11–28.) Contrary to Mr. Lu's assertion in this case that he "discovered evidence of discrimination in employment and education," from December 2014 to July 2015, (Am. Compl., ¶ 55, ECF No. 26), Mr. Lu initially brought employment discrimination claims in Lu I. (Lu I, Compl., ECF No. 3 at 1–2; Civil Cover Sheet, ECF No. 3-3.) He later removed these claims (see, e.g., Lu I, Am. Compl., ECF No. 9), but nonetheless, he knew about such claims and the basis for those claims when filing his Complaint in October 2013.The University of Utah Defendants were served with the Second Amended Complaint, and filed a motion to dismiss the claims

8

asserted against them.  (Lu I, Mot. to Dismiss, ECF No. 54.)  Mr. Lu responded to the motion to dismiss.  (Lu I, Obj. to Motion to Dismiss, ECF No. 58.)  On October 7, 2015, the district judge granted the University of Utah Defendants' motion, and dismissed Mr. Lu's claims with prejudice.  (Lu I, Mem. Decision & Order, ECF No. 68, 2015 WL 5838797.)  The district court found that Lu's tort claims were barred under the Eleventh Amendment and Utah Governmental Immunity Act (UGIA).  (Id. at 6–10.)  The district court further found that Mr. Lu failed to allege plausible breach of contract claims given the unambiguous language as to the term of the agreement, and Utah's parol evidence rule and statute of frauds barred any verbal promise that Mr. Lu would receive three years of scholarships.  (Id. at 11–13.)  The district court also found that Mr. Lu failed to establish a right to relief under the Alien Tort Claims Act (ATCA), Taiwan Relations Act, the International Covenant on Economic, Social and Cultural Rights or any other international treaty.  (Id. at 14.)

Mr. Lu appealed the district court's dismissal of his claims, (Lu I, Notice of Appeal, ECF No. 75), and the Tenth Circuit affirmed the district court's decision.  (Lu v. Univ. of Utah, 660 F. App'x 573 (10th Cir. 2016) (unpublished)).

## **STANDARD OF REVIEW**

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing

9

motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

While a court construes liberally the filings of a pro se plaintiff and holds them "to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991), a pro se plaintiff must "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se plaintiff still has "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. State of N.M., 113 F.3d 1170, 1175 (10th Cir. 1997) (stating court should "not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

In assessing whether to dismiss a case, a court may take judicial notice of filings of decisions and records in prior cases involving the same parties. Merswin v. Williams Cos., 364 F. App'x 438, 441 (10th Cir. 2010) (unpublished) ("district court can take judicial notice of its own decision and records in a prior case involving the same parties"); Tal v. Hogan, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (noting court's

10

authority to take judicial notice of facts outside the record even when applying Rule 12(b)(6)). Thus, the undersigned takes judicial notice of the decisions and records in Lu I.

## DISCUSSION

### I. CLAIM PRECLUSION

"Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Clark v. Haas Grp., Inc., 953 F.2d 1235, 1238 (10th Cir. 1992). "The fundamental policies underlying the doctrine of res judicata (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and 'the interest in bringing litigation to an end.'" Plotner v. AT & T Corp., 224 F.3d 1161, 1168 (10th Cir. 2000) (quoting Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1258 (10th Cir. 1997)).[3]

The "court applies federal law to determine the effect of a previous federal judgment." Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982, 986 (10th Cir. 2002). Claim preclusion requires the satisfaction of four elements:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

Nwosun, 124 F.3d at 1257.

Mr. Lu asserted claims in Lu I against the University of Utah Defendants, except Mr. Randall, arising out of the University of Utah's decision not to renew his graduate

---

[3] Over the years, courts have shifted to the term "claim preclusion" rather than res judicata. Plotner, 224 F.3d at 1168 n.2 (citing Yapp v. Excel Corp., 186 F.3d 1222, 1226 n. 1 (10th Cir. 1999), as expressing a preference for the term "claim preclusion").

11

assistantship and scholarship. That case ended with a judgment on the merits, and Mr. Lu had a full and fair opportunity to litigate his claims in that case. Therefore, claim preclusion bars Mr. Lu's present case.

### A. Judgment on the Merits

The district court dismissed Lu I under Federal Rule of Civil Procedure 12(b)(6). (See Lu, 660 F. App'x at 575 ("[T]he district court dismissed Lu's amended complaint under Fed. R. Civ. P. 12(b)(6)")); see also Lu I, Mem. Decision and Order at 1–2, ECF No. 68, 2015 WL 5838797.) The dismissal with prejudice under Rule 12(b)(6) operates as a dismissal on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (quoting Angel v. Bullington, 330 U.S. 183, 190 (1947))); Slocum v. Corp. Exp. U.S. Inc., 446 F. App'x 957, 960 (10th Cir. 2011) (unpublished) ("[A] Rule 12(b)(6) dismissal is [] an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of a complaint.").

### B. Parties Identical or in Privity

The named parties in the present case are identical to those in Lu I, except that Mr. Lu adds an additional individual defendant, Ryan Randall. Mr. Lu alleges that at the time the events detailed in the Amended Complaint arose, Mr. Randall served as the Assistant Dean of Studies for Behavior Intervention and Advocacy at the University of Utah. (Am. Compl., ¶ 17, ECF No. 26.) Mr. Randall, a Utah government employee at the time the University of Utah declined to renew Mr. Lu's graduate assistantship and scholarship, is in privity with the other University of Utah Defendants. See United

12

States v. Rogers, 960 F.2d 1501, 1509 (10th Cir. 1992) (stating that privity exists "'between officers of the same government'" (quoting Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402 (1940)). In Malek v. Brockbrader, the Tenth Circuit, citing Rogers, found that for purposes of claim preclusion, Utah state employees named by a plaintiff in a second suit were in privity with Utah state employees named in the first suit:

> Next, the parties in this action are identical or in privity to the parties in the first action. [Plaintiff] originally brought an action against the chairman, members and staff of the Utah Board of Pardons and Parole. [] The complaint in this case names members of the board and prison staff. These defendants, as government employees, are clearly in privity with the defendants in the previous action. []

190 F. App'x 613, 615 (10th Cir. 2006) (unpublished) (internal citation omitted). Thus, the parties in this case are identical to, or in privity with, the parties in Lu I.

## C. Same Cause of Action

The Tenth Circuit applies the "transactional approach" to determine what constitutes the same cause of action. See Plotner, 224 F.3d at 1169. "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." Nwosun, 124 F.3d at 1257.

Mr. Lu asserted contract and tort claims against the University of Utah Defendants in Lu I, and asserts Title VII and ADA employment discrimination and tort claims against the University of Utah Defendants in this case. Despite asserting different causes of action, Mr. Lu bases both Lu I and the present case on the same transaction and event—the University of Utah's decision not to renew his graduate assistantship and scholarship. See, e.g., Wilkes v. Wyoming Dep't of Employment Div.

13

of Labor Standards, 314 F.3d 501, 504 (10th Cir. 2002), as amended (Jan. 14, 2003) ("This court repeatedly has held that "'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'" (quoting Mitchell v. City of Moore, 218 F.3d 1190, 1202 (10th Cir. 2000))). Therefore, Lu II arises out of the same transaction, and thus the same cause of action, that Lu I addressed—the allegedly wrongful failure to renew Mr. Lu's graduate assistantship and scholarship.

The fact Mr. Lu did not file a Charge of Discrimination with the EEOC until August 2015, (Am. Compl., ¶ 3, ECF No. 26; Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5), or receive a Notice of Right to Sue letter from the EEOC until October 2015, (Am. Compl., ¶57, ECF No. 26; Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 3), does not alter this conclusion. Because Utah has its own agency with authority to contest unlawful employment practices, Mr. Lu was required to file his charge with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Mr. Lu's allegations concerning alleged employment discrimination occurred in 2011 and 2012. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5; see also Am. Compl., ¶¶ 22–54.) In waiting until 2015 to file a charge with the EEOC, Mr. Lu failed to file charges within in the requisite statutory period, and the EEOC, in fact, dismissed his charge because it was not timely filed. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 3.)

In Wilkes, the plaintiff argued that claim preclusion should not bar her second suit because she was statutorily prohibited from bringing her Title VII claim until she received a right-to-sue letter from the EEOC. 314 F.3d at 505. The Tenth Circuit

rejected this argument, finding that the plaintiff had the obligation to preserve each of her claims independently and held that the plaintiff's Title VII claim was "barred by the doctrine of claim preclusion." Id. at 506. Here, Mr. Lu cannot escape claim preclusion because he failed to timely file his charge with the EEOC and then subsequently received an untimely right-to-sue letter. Mr. Lu had the obligation to preserve his Title VII claims to the extent he sought to assert them.

Mr. Lu's Title VII claims, like the others asserted in this case and Lu I, arise out of the University of Utah's decision not to renew Mr. Lu's graduate assistantship and scholarship and therefore constitute the same cause of action for claim preclusion purposes.

### D. Full and Fair Opportunity to Litigate

Finally, in examining whether Mr. Lu had a full and fair opportunity to litigate his claims in his prior case, the Court must consider whether deficiencies existed in those cases that undermined "the fundamental fairness of the original proceedings." Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1334 (10th Cir. 1988); see also Morgan v. City of Rawlins, 792 F.2d 975, 979 (10th Cir. 1986) ("[I]f there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation, redetermination of the issues is warranted.")

Nothing in the record of Lu I indicates deficiencies in, or the inadequacy of, that proceeding. Mr. Lu had a full and full and fair opportunity to litigate his claims in the District of Utah. Mr. Lu filed a response to the University of Utah Defendants' motion to dismiss, (Lu I, Obj. to Mot. to Dismiss, ECF No. 58), and the district judge considered his arguments in ruling on the motion. (See Lu I, Mem. Decision and Order, ECF No.

15

68, 2015 WL 5838797.)  Furthermore, Mr. Lu appealed the district judge's decision to the Tenth Circuit, (Lu I, Notice of Appeal, ECF No. 75), which considered his arguments in its reaching its decision.  (See Lu, 660 F. App'x 573.)  Thus, Mr. Lu had the opportunity to fully and fairly litigate his claims in Lu I in both the District of Utah and the Tenth Circuit.

## II. STATUTE OF LIMITATIONS & IMMUNITY

Mr. Lu's claims are also subject to dismissal because they are barred by the applicable statutes of limitations or barred under the Eleventh Amendment and Utah Governmental Immunity Act (UGIA).  Viewing the Amended Complaint in the light most favorable to Mr. Lu, he appears to assert claims under Title VII of Civil Rights Act of 1964, Title I of the ADA, and tort claims for invasion of privacy.  (Am. Compl., ¶¶ 65–131 (Title VII retaliation), 142–74 (Title VII national origin discrimination), 175–212 (Title VII racial discrimination), 213–24 (Title I ADA employment discrimination), 132–41 (invasion of privacy tort claim), 225–27 (same), ECF No. 26).

### A. Title VII

Mr. Lu's Title VII claims are barred by the statute of limitations.  As noted above, in a state such as Utah that has its own agency with authority to contest unlawful employment practices, an employee wishing to challenge an allegedly unlawful employment practice must file a charge of discrimination with the EEOC within 300 days after the alleged conduct occurred.  42 U.S.C. § 2000e-5(e)(1).  "'The filing [of a charge with the EEOC] is a prerequisite to a civil suit under Title VII and a claim is time-barred if it is not filed within these time limits.'"  Al-Ali v. Salt Lake Cmty. Coll., 269 F. App'x 842,

846 (10th Cir. 2008) (unpublished) (quoting Davidson v. Am. Online, Inc., 337 F.3d 1179, 1183 (10th Cir. 2003)).

Mr. Lu complains of employment practices that occurred in 2011 and 2012, but did not file a discrimination charge with the EEOC until August 2015—well past the 300 day window to do so.[4] (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5; see also Am. Compl., ¶¶ 3, 22–54.) As the EEOC recognized in its dismissal of his charge, Mr. Lu's charge was not timely filed. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 3.) In addition, no doctrines that would toll or otherwise impact the timeliness of Mr. Lu's assertion of Title VII claims, such as the continuing violation doctrine, apply here. The University of Utah elected to not renew Mr. Lu's graduate assistantship and scholarship in 2011 (Am. Compl., ¶ 33, ECF No. 26), he was deported and no longer attending the University of Utah in September 2011, (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5), and the conduct which Mr. Lu alleges violates Title VII occurred in 2011 or 2012. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5; Am. Compl., ¶¶ 65–131, 142–74, 175–212, ECF No. 26.) Further, Mr. Lu initially asserted employment discrimination claims in Lu I in 2013, and therefore, knew about the basis for such claims at that time. (See Lu I, Compl., ECF No. 3 at 1–2; Civil Cover Sheet, ECF No. 3-3.) Accordingly, Mr. Lu's Title VII claims—which arise out of the University of Utah's decision not to renew his graduate assistantship and scholarship—are time-barred.

---

[4] Despite asserting claims for Title VII racial discrimination, (Am. Compl., ¶¶ 175–212), Mr. Lu did not file a charge for racial discrimination with the EEOC. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5). His charge alleges national origin discrimination and retaliation only. (See id.)

17

## B. ADA

Mr. Lu's ADA claim is similarly barred. "Incorporating the procedural rules of Title VII, the ADA requires an individual to file a timely administrative claim within 300 days." Davidson, 337 F.3d at 1183 (citing 42 U.S.C. § 12117(a); § 2000e–5). Filing a charge of disability discrimination with the EEOC within in the requisite time period is a "prerequisite to a civil suit," and a claim under the ADA "is time-barred if it is not filed within these time limits." Id.

Mr. Lu filed a charge of discrimination with the EEOC based on national origin discrimination and retaliation. (Ex. 54001, Docs. from EEOC, ECF No. 4-1 at 5.) He did not include a disability discrimination charge. (See id.) Mr. Lu does not allege that he separately filed a charge of disability discrimination with the EEOC. Because Mr. Lu failed to file a disability discrimination charge with the EEOC—let alone within the requisite time period given that his allegations relate to conduct occurring in 2011 and 2012—his ADA claim is time-barred.

## C. Tort Claims

The Amended Complaint, viewed in the light most favorable to Mr. Lu, also appears to allege tort claims for invasion of privacy. While these claims are not clearly pled and may be barred by applicable statute of limitations,[5] the claims are in any event clearly barred under the Eleventh Amendment and UGIA.

In Lu I, the district court found Mr. Lu's tort claims against the University of Utah Defendants barred by the Eleventh Amendment and UGIA. (Lu I, Mem. Decision and Order at 9–10, ECF No. 68, 2015 WL 5838797; Lu, 660 F. App'x at 576 ("In granting the

---

[5] See, e.g., Jensen v. Sawyers, 2005 UT 81, ¶¶ 31–58 (applying one-year statute of limitations to a false light invasion of privacy tort claim).

18

defendants' motion, the district court found Lu's tort claims barred under both the Eleventh Amendment and the Utah Governmental Immunity Act (UGIA)").) The Tenth Circuit subsequently affirmed this finding. (Lu, 660 F. App'x at 577 ("[I]t is well-settled that the University of Utah is considered an 'arm of the state' entitled to Eleventh Amendment immunity, Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 574–75 (10th Cir. 1996), as are its officials acting in their official capacity."); see also id. (finding that "Lu's allegations relate to actions taken by the individual defendants in the exercise of a governmental function," and his claims therefore barred under the UGIA)). Therefore, to the extent Mr. Lu asserts tort claims in the Amended Complaint, those claims are barred under the Eleventh Amendment and the UGIA.

## RECOMMENDATION

The Complaint meets all four elements of claim preclusion and, as a result, fails to state a claim upon which this Court can grant relief. Furthermore, permitting the case to proceed for a second time would waste judicial resources through the exact type of repetitive litigation that claim preclusion prohibits. Therefore, the undersigned RECOMMENDS the District Judge dismiss Mr. Lu's Amended Complaint pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which the Court can grant relief. Alternatively, the undersigned RECOMMENDS that the District Judge dismiss Mr. Lu's Amended Complaint on the grounds that his Title VII and ADA claims are time-barred, and the Eleventh Amendment and UGIA bar his tort claims.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the

clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

## **ORDER**

The undersigned DENIES Mr. Lu's Motion for Official Service of Process (ECF No. 28) and Motion to Expedite Summons Delivery by the U.S. Marshals Service (ECF No 29) because his Complaint fails to state a claim.

DATED this 28th day of March 2018.

BY THE COURT:

_Evelyn J. Furse_
Honorable Evelyn J. Furse
United States Magistrate Judge