IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YUNG-KAI LU,<br><br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:16-cv-51-CW<br><br>District Judge Clark Waddoups |

      Plaintiff Yung-Kai Lu, proceeding *in forma pauperis* and pro se, brings this civil rights action against the University of Utah and others (Defendants), seeking compensation for injuries he experienced when Defendants did not renew his teaching-assistantship contract. (Amended Complaint, ECF No. 26.) This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (R&R, ECF No. 7.) The matter is now before the court on a Report and Recommendation from Magistrate Judge Furse, dated March 28, 2018, in which she recommends that this court dismiss Plaintiff's action because claim preclusion bars it and, alternatively, because Plaintiff's Title VII and ADA claims are time-barred and because the Eleventh Amendment and Utah Governmental Immunity Act bar his tort claims. (*Id.* at 2.) The Report and Recommendation is incorporated by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

      After several extensions of time, Plaintiff objected to Judge Furse's Report & Recommendation on July 16, 2018. (Objection, ECF No. 37.) No defendant has yet been served

and, therefore, no response to Plaintiff's objection has been filed. Because of Plaintiff's objection, the court reviews Magistrate Judge Furse's report de novo. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). Because Plaintiff is proceeding pro se, the court must liberally construe his pleadings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but it cannot advocate for him, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After careful review of the Amended Complaint, the Report and Recommendation, the documents filed in case number 2:13-cv-984 (*Lu* I) in which Plaintiff sued all but one Defendant over the same basic factual circumstances, and Plaintiff's Objection, the court AFFIRMS and ADOPTS Magistrate Judge Furse's recommendation in full and dismisses Plaintiff's action with prejudice for failure to state a claim.

I. *Lu* I Precludes Plaintiff's Claims.

While Plaintiff's Amended Complaint asserts distinct causes of action and contains more detail than the Second Amended Complaint in Lu I (*Compare* ECF No. 26, *with* Lu I ECF No. 12), the claims he asserts here arise out of a common nucleus of facts with those in *Lu* 1. Both cases involve the University of Utah's decision not to renew Plaintiff's funding and the circumstances and conflicts that arose as a result of that decision. This is a sufficient connection under the transactional approach as Judge Furse's Report and Recommendation explains. And Plaintiff makes no argument in his Objection that would cause this court to reach a different conclusion.

Plaintiff argues that claim preclusion does not bar this action because Restatement (Second) of Judgments § 26 sets forth multiple exceptions to claim preclusion, several of which he argues apply. But he points the court to no record evidence that satisfies the exceptions.

First, Defendant did not acquiesce to separate suits by failing to timely respond. *See* Restatement (Second) of Judgments § 26(a) (Am. Law Inst. 1982). Rather, under Utah law, Defendants' silence constitutes a denial of the claim. Utah Code Ann. § 63G-7-403(1)(b) ("A claim is considered to be denied if, at the end of the 60-day period, the governmental entity or its insurance carrier has failed to approve or deny the claim."). Second, there were no restraints on the district court's jurisdiction in Lu I that prevented it from hearing the claims Plaintiff raises in this action. *See id.* § 26(c). While it may be true that the evidence Plaintiff relies upon in this action supports a new cause of action for employment, the prior absence of this newly discovered evidence did not limit the *Lu* I court's subject matter jurisdiction or otherwise limit its authority. *See id.* § 26(c) cmt. c. Third, *Lu* I was not "plainly inconsistent with fair and equitable implementation of a statutory or constitutional scheme. *See id.* § 26(d). And Plaintiff's bare citation to *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4 (1940), in which the United States Supreme Court looked to Oklahoma law to decide a res judicata claim, provides the court no basis to conclude to the contrary. *Oklahoma Packing Co.* is not similar to this case. *Id.*

Fourth, Plaintiff has not alleged continuing or recurrent wrongs. *See id.* § 26(e). In support of his claim to the contrary, Plaintiff asserts that his EEOC claim could not have been joined with his breach of contract claim in *Lu* I and that new evidence necessitates this second action. Neither of these arguments is pertinent to § 26(e), *see id.* § 26(e) cmts. f–h (explaining that this exception applies to instances in which "strong substantive policies favor" the possibility of separate actions in "cases involving anticipated continuing or recurrent wrongs" such as contract cases involving series of material breaches or tort actions involving temporary

nuisances). Finally, Plaintiff has not shown by clear and convincing evidence that extraordinary reasons exist that should overcome policies favoring preclusion. *See id.* § 26(f). Newly discovered evidence is not an extraordinary reason such that it overcomes the need for finality or other policies favoring preclusion unless the new evidence was "fraudulently concealed or . . . could not have been discovered with due diligence." *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, (10th Cir. 2017). Plaintiff has alleged this newly acquired evidence resulted from his "pressur[ing]" the "Utah State Attorney . . . to direct University of Utah to release most of Lu's files," but he has not set forth factual support from which the court can conclude Defendants fraudulently hid evidence. (*See* Objection 5–6, ECF No. 37.) Therefore, none of the exceptions set forth in Restatement (Second) of Judgments § 26 justify a second action under these circumstances.

Plaintiff next argues that preclusion does not apply because "Plaintiff Lu's contract claim was reviewed under the state contract laws. The previous case never asserted a violation of discrimination law." (*See* Objection 6–7, ECF No. 37.) In support of this assertion, Plaintiff cites language from a bankruptcy appeal in which this court held that issue preclusion barred a second action. *See West v. Christensen*, 576 B.R. 223 (D. Utah 2017). But Judge Furse has not recommended this court dismiss on a theory of issue preclusion. For the reasons set forth in Judge Furse's recommendation, claim preclusion applies. Similarly, Judge Furse has not assumed the causes of action are the same, as Plaintiff contends (*see* Objection 9, ECF No. 37), but decided that they arise out of the same transaction.

Plaintiff also argues that he could not bring his discrimination claim in *Lu* I because he had not yet received a right to sue letter from the EEOC. (EEOC Letter, ECF No. 4-1.) While

Plaintiff could not bring a Title VII discrimination claim until after he had exhausted his administrative remedies in front of the EEOC, the lack of a right-to-sue letter does not bar jurisdiction. *Wilkes v. Wyo. Dept. of Emp'ment Div. of Labor Standards*, 314 F.3d 501, 505–06 (10th Cir. 2002). Thus, none of Plaintiff's objections are meritorious, and the court concludes this action is barred by claim preclusion.

## II.  PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Judge Furse also recommended dismissal of Plaintiff's discrimination and retaliation claims because they are time-barred.[1] Judge Furse found that the 300-day statute of limitations governing Plaintiff's Title VII and ADA claims began to run 2011, and Plaintiff did not file with the EEOC until 2015. Plaintiff objects that the 300-day period did not begin to run until 2015 when he received evidence of final decision to terminate him as a student and teaching assistant. (Objection 10–11, ECF No. 37.) But the facts of the complaint do not support his position. The alleged discriminatory employment conduct was the decision not to renew his teaching assistantship, which Plaintiff plainly admits he learned about in April 2011. (Amended Complaint ¶ 33.) *See Del. State Coll. v. Ricks*, 449 U.S. 250, 256–59 (1980) ("Determining the timeliness of [an] EEOC complaint, and th[e] ensuing lawsuit, requires [the court] to identify precisely the 'unlawful employment practice' of which" the employee complains.). The court has no doubt that Plaintiff felt the consequences of the employment decision when he was unable to finance his education the following school year, and then deported as a result of his failure to enroll, and recognizes that he may have learned more about the University's internal process

---

[1] Judge Furse characterized these claims as asserting causes of action under Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act. Plaintiff did not object and this court agrees that Judge Furse's characterization is proper.

related to his status as a student and employee in 2015, but this does not negate the fact that the only discriminatory employment decision was the decision not to renew his funding for the 2011–2012 school year. *See id.* (determining that the date that the Title VII limitations period began to run is the "date of the 'alleged unlawful employment practice,'" not the date consequences of that practice are felt). Because he knew of this decision in 2011, his 2015 EEOC claim was not timely and neither is this lawsuit.

    III.    PLAINTIFF'S CLAIMS ARE BARRED AS A RESULT OF DEFENDANTS' IMMUNITY.

Judge Furse's final basis for dismissal is that, just as the district court and Tenth Circuit decided in *Lu* 1 that any tort claim Plaintiff may have alleged was barred by the Eleventh Amendment and Utah Governmental Immunity Act, so too are any such claims barred in this action. (R&R 18–19, ECF No. 30.) Plaintiff objects that his tort claims are asserted under the Utah Constitution and therefore not barred by the UGIA. (Objection 12, ECF No. 37.) But even under the most generous reading of the Amended Complaint, Plaintiff has set forth no violation of the Utah Constitution. Therefore, any tort claims he may have alleged are barred pursuant to *Lu* I.

## CONCLUSION

This court adopts and affirms the recommendation of Magistrate Judge Furse and HEREBY ORDERS that Plaintiff's claims are dismissed with prejudice.

DATED this 21st day of August, 2018.

                        BY THE COURT:

                        _____
                        Clark Waddoups
                        United States District Judge